UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **JOHNNIE YATES,** | ) Civil No. 5:19-cv-00028 |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **COMPLAINT** |
| **KEY DENTAL PROSTHETICS, INC.** | ) |
| **Defendant.** | ) |

Plaintiff, Johnnie Yates ("Yates" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Key Dental Prosthetics, Inc. ("KDP" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Claremont, North Carolina.

4. Plaintiff has been employed by Defendant since November 1999.

5. KDP is a domestic corporation registered and in good standing in the State of North Carolina, located at 4764 N. Hwy 16, Denver NC 28037.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant conducts business in Lincoln County, North Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Lincoln County, North Carolina.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. KDP manufactures dental prosthetics, including crowns, bridges and implants.

14. At all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

15. Defendant employed Plaintiff during the FLSA's statutory period preceding the filing of this complaint.

16. Plaintiff's scheduled work hours are from 8 a.m. to 5 p.m., Monday through Friday.

17. Beginning in approximately 2005 or 2006, Defendant began paying Plaintiff a weekly salary.

18. Plaintiff regularly worked in excess of her scheduled workhours during the three year period prior to filing this lawsuit. For example, Plaintiff worked between 7 and 15 hours of overtime during each workweek in April 2016, and between 2 and 27 hours of overtime during each workweek in June 2016. This example is representative of the number of overtime hours worked by Plaintiff during the period January 2016 through present.

19. Plaintiff estimates she worked more than 400 hours of unpaid overtime during the three year period prior to filing this lawsuit.

20. Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

21. Defendant had knowledge that Plaintiff worked the unpaid overtime hours at issue in this lawsuit because Defendant tracked the number of hours worked by Plaintiff each day.

3

Case 5:19-cv-00028-RJC-DSC   Document 1   Filed 03/15/19   Page 3 of 5

22. Defendant willfully failed to pay Plaintiff the overtime premium required by the FLSA.

### (Violation of FLSA – Overtime)

23. Plaintiff incorporates by reference paragraph 1-22 of her Complaint.

24. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

25. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

26. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

27. Defendant's violation of the FLSA was willful.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 15th day of March, 2019.

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
Jason S. Chestnut #52066
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@gibbonsleis.com
craig@gibbonsleis.com
jason@gibbonsleis.com

*Attorneys for Plaintiffs*